KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CHINHAYI J. COLEMAN (CSBN 194542)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7073
FAX: (415) 436-6748

Attorneys for Defendant SPENCER ABRAHAM, Secretary, U.S. Department of Energy

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARGARET CARROLL, ) | No. C 03-3903 JSW |
| Plaintiff, ) | STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT |
| v. ) | |
| SPENCER ABRAHAM, Secretary, U.S. Department of Energy ) | |
| Defendant. ) | |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that the present action (Case Number C 03-3903) and the related action (Case Number C 02-1063), be collectively settled and compromised on the following terms:

1. Defendant Spencer Abraham, Secretary, U.S. Department of Energy, shall pay to plaintiff Margaret Carroll, the sum of FORTY thousand dollars and no cents ($40,000.00). This amount is in exchange for plaintiff releasing and dismissing all claims for compensatory and special damages, back pay, front pay, interest, attorneys' fees, costs, restitution and any other form of legal or equitable recovery relating to her employment with the Department of Energy. The parties understand that this amount includes full satisfaction of all claims for attorneys' fees and costs arising from work performed by plaintiff's present and former

STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT
C 03-3903 JSW

Dockets.Justia.com

counsel at all stages of this litigation, including, but not limited to, the processing of the plaintiff's administrative and district court complaints in connection with the present action (Case Number C 03-3903) and the related action (Case Number C 02-1063).

2. The Department of Energy will permanently remove the letter of admonishment dated October 1, 1996 ,and the attached performance review and the attached comments by Doug Ash. from plaintiff Margaret Carroll's Official Personnel File (OPF) held by the Department of Energy.

3. Plaintiff Margaret Carroll will accept the terms described in Paragraphs One through Two above in full settlement and satisfaction of any and all claims and demands which she, her successors or assignees may now have or hereafter acquire against the defendant Spencer Abraham, the Department of Energy or any of its past and present officials, agents, employees, attorneys, or insurers, on account of the events described in plaintiff's pleadings in the present action (Case Number C 03-3903) and the related action (Case Number C 02-1063), or as a result of any other action or conduct by the Department of Energy, its past and present officials, agents, employees, attorneys, or insurers that occurred prior to the execution of this Agreement.

4. In consideration of this Agreement and the payment of the foregoing amounts thereunder, plaintiff Margaret Carroll agrees that upon notification that the settlement check is ready for delivery, she will deliver to defendant's counsel a fully executed Stipulation for Dismissal with prejudice of both Case Number C-03-3903 JSW, <u>Carroll v. Abraham</u>, and Case Number C 02-1063 JSW, <u>Carroll v. Abraham</u>. Upon delivery of both Stipulations for Dismissal, defendant's counsel will release the settlement check to plaintiff's counsel.

5. Plaintiff Margaret Carroll will withdraw and/or shall take whatever steps are necessary to obtain the dismissal with prejudice of any pending charges of discrimination, complaints, suits, and any other action or proceeding filed by her or on her behalf with any local, state, and/or federal agency, commission, board, department, court, and/or any other tribunal against the Department of Energy, its past and present officials, agents, employees, attorneys, or insurers. Plaintiff Margaret Carroll agrees that she has not filed and will not file any other charges, complaints, lawsuits, or other claims that relate to any action or conduct by the Department of Energy, its past and present officials, agents, employees, attorneys, or insurers that occurred prior

STIPULATION AND [~~PROPOSED~~] ORDER OF COMPROMISE SETTLEMENT
C 03-3903 JSW

2

to the execution of this Agreement.

6. The Department of Energy avers that its reorganization (and related reassignment of employees), under which the Oakland office was closed in September 2004, was not discriminatory or retaliatory in any way. Accordingly, to the extent that any of the matters alleged in Plaintiff's district court complaints refer to or arise out of said reorganization and/or reassignments, Plaintiff hereby dismisses those claims with prejudice.

7. Plaintiff Margaret Carroll hereby releases and forever discharges defendant Spencer Abraham, the Department of Energy, and any and all of its past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, by which she now owns or holds or has at any time owned or held against the Department of Energy, including but not limited to contract, tort, Title VII of the Civil Rights Act of 1964, as amended, the Rehabilitation Act, the Age Discrimination in Employment Act, as amended, and the Employee Retirement Income Security Act, or any other charge or complaint filed now or later by plaintiff against the Department of Energy with any government agency or court arising out of or in any way connected with any loss, damages, or injury whatever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of Department of Energy committed or omitted prior to the date this Agreement is executed.

8. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff Margaret Carroll understands that, if the facts concerning plaintiff's claims and the

STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT
C 03-3903 JSW

3

liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

9. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

10. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the defendant Spencer Abraham, the Department of Energy or any of its past and present officials, agents, employees, attorneys, or insurers on account of the events described in plaintiff's complaint in the present action (Case Number C 03-3903) and the related action (Case Number C 02-1063).

11. If any withholding or income tax liability is imposed upon plaintiff Margaret Carroll based on payment of the settlement sum received herein, plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold the Department of Energy harmless from any liability it incurs from any government agency arising out of any failure by plaintiff to pay for any liability she might incur from any government agency.

12. Plaintiff Margaret Carroll has been informed that payment may take sixty days or more to process, but defendant agrees to make good faith efforts to expeditiously process said payment.

13. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, the plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

14. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the

STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT
C 03-3903 JSW

4

1  contents of the Agreement fully explained to it by such counsel, and is fully aware of and
2  understands all of the terms of the Agreement and the legal consequences thereof. It is
3  acknowledged that the parties hereto have, through their respective counsel, mutually
4  participated in the preparation of this Agreement, and it is agreed that no provision hereof shall
5  be construed against any party hereto by virtue of the activities of that party or its attorney.

6      15. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the
7  validity, legality, and enforceability of the remaining provision shall not in any way be affected
8  or impaired thereby.

9      16. This instrument shall constitute the entire Agreement between the parties, and it is
10 expressly understood and agreed that the Agreement has been freely and voluntarily entered into
11 by the parties hereto with the advice of counsel, who have explained the legal effect of this
12 Agreement. The parties further acknowledge that no warranties or representations have been
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT
C 03-3903 JSW

5

1 | made on any subject other than as set forth in this Agreement.  This Agreement may not be
2 | altered, modified or otherwise changed in any respect except by writing, duly executed by all of
3 | the parties or their authorized representatives.

Dated: May 24, 2005

*Margaret Carroll* (signature)
MARGARET CARROLL
Plaintiff

LAW OFFICES OF DOROTHY GUILLORY

Dated: May 24, 2005

*Dorothy Guillory* (signature)
DOROTHY GUILLORY
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: May 24, 2005

*Chinhayi J. Coleman* (signature)
CHINHAYI J. COLEMAN
Assistant United States Attorney
Attorneys for Defendant

### [~~PROPOSED~~] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 24, 2005         /s/ Jeffrey S. White
                            JEFFREY S. WHITE
                            United States District Court Judge

STIPULATION AND [~~PROPOSED~~] ORDER OF COMPROMISE SETTLEMENT
C 03-3903 JSW

6

# ATTACHMENT (3 pages)

Case 3:03-cv-03900-JSW Document 223 Filed 05/24/2005 Page 7 of 10

# DOROTHY D. GUILLORY

ATTORNEY AT LAW, CSBN 114891
1271 Washington Ave., PMB 380
San Leandro, CA 94577
(510) 639-2959 Fax: (510) 639-2961

# TRANSMITTAL COVER SHEET

To: Chinhayi Coleman
Asst. United States Attorney      Via facsimile to (415) 436-6748

From: Dorothy D. Guillory

Client/Matter: <u>Settlement of Carroll v. Abraham Cases</u>

Date: May 24, 2005

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Attachments to Settlement Agreement | 2 |

COMMENTS:

Attached are the Ash notes and Nolan appraisal which should be attached to the Settlement Agreement reached today.

*Doug's of MC.*
*eval*

# Margaret Carroll
## Interpersonal Relationship Situation

Ground rules: I am giving you feedback, mostly about you, some about Janice, because you need to know, but you also need to keep it to yourself, if I know its out, I will come down hard, we need to respect info. Others in the know include Clemonce, Jim Dorn, Rita and Nolan.

Three Interrelated Items
1) Conflict with Janice; 2) lack of faith and trust in system, primarily Dick; 3) personal issues (need for control, low self esteem, don't feel valued)

All three issues causing stress, tension and feeding into situation item 3

Your feelings and situation are real and need to be addressed

Believe in telling you some items up front, first the detail is out, a transfer is out, for several reasons...and I actively looked for one, despite an expectation that I wouldn't.

I am going to say things that, you JB and Dick will not like to hear. Understand that, but I am hear to address feedback to you.

I feel that both of you want to be validated that you are innocent and the other is at fault. I do not find that the facts back up that position.

Assumption busters:

both at blame, Dick not acting biased, behavior from both not acceptable, issues go beyond each other, you recognize situation more clearly, exacerbated by bailing out in relationship with supervisor, management not getting chance to assess behavior until blow-up, cannot share work, Dick has actions to take, neither happy, neither accepting responsibility for office behavior, both want management intervention on their behalf, talk win-win, acting and asking for win-lose. Neither side is polarizing against the other, camps only exist when parties force it and its issue by issue, not office wide and constant. On any given issue, the office and Dick may lean on way or the other, as will staff, buts its issue by issue. Most want the two of you to stop. Yes Janice is pushing your button, it will be addressed. Dick, with my review and Clemonce assist will draft expectation of behavior, violation will escalate the management involvement.

This situation cannot continue, both of you have the ability to be in the same office without this kind of conflict and management will issue those guidelines and frankly, take whoever violates it.

You need to accept these premises or it will not succeed. I also know that you have an issue with Dick...Dick must be involved and so you may need Rita, Jim maybe, but not recommended.

Your issues go beyond this relationship, you have said things that indicate that. Those need to be addressed. You are viewed no differently at BSO than elsewhere, yet you feel very differently.

*Carroll Rebuttal Exhibit*

| Comments Report | MARGARET Y. CARROLL |
|---|---|
| FY97 360 OAK SURVEY | Dates: 3/13/97 to 5/15/97 |

GENERAL - COMMENTARY

mARGARET HAS MOVED ON TO A WORK ENVIRONMENT WHERE SHE CAN BE MORE PRODUCTIVE. iT HAS ALWAYS BEEN DIFFICULT FOR ME TO COMMUNICATE WITH HER. iT WOULD BE HELPFUL TO HER GROWTH IF SHE WAS LESS CONCERNED ABOUT HER PRECISE ROLE AND RESPONSIBILITIES AND LOOKED MORE TOWARDS THE (LESS SPECIFIC) GOAL OF REAL OFFICE ACCOMPLISHMENT AND RESULTS. wHILE THIS MAY SEEM LESS REWARDING INDIVIDUALLY IT BODES WELL FOR FUTURE OVERALL GROWTH.

* * *

Margaret is very organized and is an excellent worker. She is productive and cooperates with others in order to complete the job.

* * *

Margaret shows great patience in everything she do. Her abilities and skills and efforts are a great role model.

* * *

DEF0551

Printed on: 5/5/97 at 12:30:09     Page 1 of 1     Copyright 1994, TEAMS Inc.

D-171